Indictment for assault with intent to murder. Before Judge Freeman. Carroll superior court. June 11, 1904.

*W. F. Brown,* for plaintiff in error.

*H. A. Hall, solicitor-general,* contra.

---

### HARRIS *v.* THE STATE.

SIMMONS, C. J. While the evidence was conflicting, the credibility of the witnesses was for the jury, and the evidence was sufficient to authorize the verdict. This court, therefore, will not interfere with the discretion of the trial judge in refusing to set aside the verdict as being contrary to law and the evidence. *Judgment affirmed. All the Justices concur.*

Argued October 18, — Decided November 10, 1904.

Indictment for carrying concealed weapon. Before Judge Bartlett. Douglas superior court. June 13, 1904.

*W. A. James,* for plaintiff in error.

*W. K. Fielder, solicitor-general,* contra.

---

### HARRIS *v.* THE STATE.

FISH, P. J. There being no complaint that any error of law was committed on the trial, and the evidence warranting the verdict, the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

Argued October 18, — Decided November 10, 1904.

Indictment for gaming. Before Judge Bartlett. Douglas superior court. June 18, 1904.

*W. A. James,* for plaintiff in error.

*W. K. Fielder, solicitor-general,* contra.

---

### NIXON *v.* THE STATE.

1. It is not necessary that an indictment or presentment shall show upon its face the term at which it is found. It is sufficient if this fact appears upon the back of the indictment or presentment where the return of the grand jury is entered.

2. A special presentment, based upon the act approved December 20, 1898 (Acts 1898, p. 60), charging one with carrying about his person metal knucks, not in an open manner and fully exposed to view, need not allege